# INCIDENT/INVESTIGATION REPORT

**Agency Name:** Eugene Police Department
**ORI:** OR0200200
**Case#:** 19-02649
**Date / Time Reported:** 02/18/2019 14:48 Mon
**Last Known Secure:** 02/18/2019 14:48 Mon
**At Found:** 02/18/2019 14:48 Mon

**Location of Incident:** 201 Division Ave, Eugene OR 97404-
**Premise Type:** Apparel (clothing, Shoes,
**Beat/GeoPrx:** EP06

### INCIDENT DATA

**#1 Crime Incident(s):** Suspicious Subject(s) — SUSPSUBJECT   (Com) O
Weapon / Tools:
Entry: | Exit: | Security: | Activity: N

**#2 Crime Incident:** ( )
Weapon / Tools:
Entry: | Exit: | Security: | Activity:

**#3 Crime Incident:** ( )
Weapon / Tools:
Entry: | Exit: | Security: | Activity:

### MO

### VICTIM

# of Victims: 0   Type:   Injury:

**V1** Victim/Business Name (Last, First, Middle):
Victim of Crime #:   DOB / Age:   Race:   Sex:   Relationship To Offender:   Resident Status:   Military Branch/Status:
Home Address:   Home Phone:
Employer Name/Address:   Business Phone:   Mobile Phone:
VYR | Make | Model | Style | Color | Lic/Lis | VIN

CODES: V- Victim (Denote V2, V3)   O = Owner (if other than victim)   R = Reporting Person (if other than victim)

### OTHERS INVOLVED

**Type:** INDIVIDUAL/ NOT LAW ENFORCEMENT   **Injury:**
**Code:** IO
**Name (Last, First, Middle):** BONDICK, ROBERT SHELDON
**Victim of Crime #:**
**DOB:** [redacted]   **Age:** 38   **Race:** W   **Sex:** M   **Resident Status:** Resident
**Home Address:** 2755 E Lone Oak Lp - C Eugene, OR 97404
**Home Phone:** [redacted]
**Employer Name/Address:**   **Business Phone:**   **Mobile Phone:**

**Type:** INDIVIDUAL/ NOT LAW ENFORCEMENT   **Injury:**
**Code:** CO
**Name (Last, First, Middle):** LAUFER, RAYE SUZANNE
**Victim of Crime #:**
**DOB:** [redacted]   **Age:** 61   **Race:** W   **Sex:** F   **Resident Status:** Resident
**Home Address:** 1 Transient Eugene, OR
**Home Phone:** [redacted]
**Employer Name/Address:**   **Business Phone:**   **Mobile Phone:**

### PROPERTY

1 = None   2 = Burned   3 = Counterfeit / Forged   4 = Damaged / Vandalized   5 = Recovered   6 = Seized   7 = Stolen   8 = Unknown
("OJ" = Recovered for Other Jurisdiction)

| VI# | Code | Status Frm/To | Value | OJ | QTY | Property Description | Make/Model | Serial Number |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

**Officer/ID#:** GROSE, M. (EPO, EPAT) (EPD616)
**Invest ID#:** (0)
**Supervisor:** MARTES, K. (WPO, EPAT) (EPD255)
**Complainant Signature:**
**Case Status:** Suspended/Inactive (no More Leads) 02/18/2019
**Case Disposition:**

Page 1

## Incident Report Additional Name List

*Eugene Police Department*

OCA: *19-02649*

Additional Name List

| Name Code/# | Name (Last, First, Middle) | Victim of Crime # | DOB | Age | Race | Sex |
|---|---|---|---|---|---|---|
| 1) WI   1 | PEREZ, URSULA SOPHIA | | ▇▇▇ | 42 | W | F |
| Address | 3535 Oregon Ave , Springfield, OR 97478- | | H: ▇▇▇ | | | |
| Empl/Addr | St Vinc De Paul | | B: ▇▇▇ | | | |
| | | | Mobile #: - - | | | |



## INCIDENT/INVESTIGATION REPORT

*Eugene Police Department*

Case # *19-02649*

| | IBR | Status | Quantity | Type Measure | Suspected Type | |
|---|---|---|---|---|---|---|
| D R U G S | | | | | | |

Status Codes: 1 = None   2 = Burned   3 = Counterfeit / Forged   4 = Damaged / Vandalized   5 = Recovered   6 = Seized   7 = Stolen   8 = Unknown

Assisting Officers
BIALLAS, N. (EPD635), MCGANN, S. (EPD314)

Suspect Hate / Bias Motivated:   *NO BIAS*

## INCIDENT/INVESTIGATION REPORT

Narr. (cont.) OCA: 19-02649

*Eugene Police Department*

NARRATIVE

## REPORTING OFFICER NARRATIVE

| Eugene Police Department | | OCA |
| --- | --- | --- |
| | | 19-02649 |
| Victim | Offense | Date / Time Reported |
| | SUSPICIOUS SUBJECT(S) | Mon 02/18/2019 14:48 |

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

On the listed date and time I was dispatched to the St. Vincent Depaul store on Division regarding a report of public indecency.

Upon arrival I contacted C/ Lauffer, who told me the following:

She was walking into the store when a man, later identified as Bondick, walked up to her. Bondick stopped very close to her. He looked up at the sky and started to pray, then he "did it".

Laufer explained that he reached down with both hands and cupped his crotch. He didn't expose himself to her and she didn't see his genitals. Bondick kept his clothing and hands covering his genitals.

The report given to EPD was that Bondick had masturbated "at" Laufer.

Laufer yelled to Perez, an employee at St. Vincent Depaul, who took a picture of Bondick as he was walking away. Perez told me that as he was walking away Bondick appeared to be tightening his belt. She did not see Bondick's genitals either, and believed that he had exposed himself to Laufer, but didn't see this.

Bondick was contacted and detained in the area. I asked him what happened and he told me that he didn't recall any interaction with anyone at the St. Vincent Depaul store.

I released him from handcuffs and released him.

While looking for Bondick I made contact with the owners of Defy Eugene, a trampoline park in the area. Bondick had walked into the building, then left, just after the encounter with Laufer. They wished me to tell Bondick not to come onto their property again, as did the employees at St. Vincent Depaul.

I advised Bondick of this.

At this time, there is no PC to arrest Bondick of any crimes. This report is for documentation purposes only.



Ad: P.O. Box ▓▓▓
e: info ▓▓▓
Ph: ▓▓▓

| Reporting Officer: GROSE, M. R_CS3NC | Printed By: CEPDLCV, POLWS015  02/21/2019 13:51 | Page 4 |
| --- | --- | --- |

## CASE SUPPLEMENTAL REPORT

Printed: 02/21/2019 13:51

*Eugene Police Department*

OCA: **1902649**

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

**Case Status:** *SUSPENDED/INACTIVE...*    **Case Mng Status:** *NA*    **Occurred:** *02/18/2019*

**Offense:** *SUSPICIOUS SUBJECT(S)*

**Investigator:** *MCGANN, S. (EPD314)*    **Date/Time:** *02/19/2019 17:52:13, Tuesday*
**Supervisor:** *SANMIGUEL, D. (EPD362)*    **Supervisor Review Date/Time:** *02/19/2019 20:54:45, Tuesday*
**Contact:**    **Reference:** *Supplemental Officer Statement*

---

I was on duty as the watch commander in uniform displaying a badge and driving an unmarked emergency supervisor vehicle. I responded to a report of public indecency where a male was reported to have masturbated in front of a female at the St. Vincent De Paul on Division Ave. Dispatch gave a detailed description and said the suspect went into the trampoline business to the west. I briefly contacted the victim and witness and they said the suspect was last seen going into the trampoline business. I responded there with Officer Grose and Biallas. We did not locate the suspect and I did an area check for him. I then got a text from the other Officers with a photo from the victim that showed the suspect clearly from behind. I drive back to the parking lot by the trampoline business and went to check the Goodwill store there. When I got out of my car the suspect exited Goodwill. I positively identified him from the photo. He walked N/B and he turned towards me in front of the UPS store and I asked to talk with him, but he opened the door to go inside and I called out "Eugene Police, Stop!" as he went inside. I walked to the door and saw him a few feet inside the business facing towards me. I opened it and asked him to step outside so I could talk with him.

He asked me, "Is this a Terry stop?" I was concerned about his behavior as he appeared to be going into the stores along the path from where the original incident occurred and that he had been reported to be a suspect in a public indecency and acting strange. He told me he was going to take out his cell phone as he took his bag off his shoulder and I told him to keep his hands in view. The was for my safety as I had called out my location to the other Officers who were responding to my location. He asked if he was under arrest and I told him he was not free to leave.

The subject complied at that point by keeping his hands in front where I could see them and I waited until Officer Biallas to arrive and we detained him. We took him outside the store and sat him on a bench. Officer Biallas Mirandized him and we waited for Officer Grose to arrive.

When he arrived I told him what my observations were and he told me that with further investigation it did not appear there was a crime. See his report for details. He spoke with the subject to explain this and then he was released. The subject made a comment that he had other contacts with law enforcement agencies and would contact his attorney.

End of narrative: Lt. McGann #314



---

Investigator Signature    Supervisor Signature

**Eugene Police Department**
**Technical Services**
PROTECT.SERVE.CARE.

April 12, 2019

Robert Bondick
2755 E. Lone Oak Loop #C
Eugene, OR 97494

RE: 911 audio for CAD 19-02649

Mr. Bondick,

Provided is the 911 audio recording, responsive to your request with exempt and confidential information redacted. The information was redacted pursuant to ORS 192.355(2) (personal privacy) and ORS 802.177 (DMV).

If an exemption has been asserted you may seek review of that decision pursuant to ORS 192.415.

Sincerely,

*Joyce Schiavone*

Joyce Schiavone
Records Supervisor
Eugene Police Department
541-682-8275



300 Country Club Rd. · Eugene, OR 97401 · 541-682-5115 · 541-682-6804 Fax
www.eugenepolice.com

Case 6:19-cv-02011-MC   Document 1-1   Filed 12/10/19   Page 7 of 20



4/12/2019 6:16:35 PM

**Eugene Police Department**
300 Country Club Rd., Eugene, OR 97401

541-682-5131

Receipt #: 85946
4/12/2019 6:16:02 PM    Cashier:    848

Bill To: Citizen

| DCS | UPC | QTY | PRICE | XT PRICE |
|---|---|---|---|---|
| P RE 911 TAPE | | 1 | 60.00 | 60.00 |

1 Unit(s)  Subtotal:  60.00
RECEIPT TOTAL:  60.00

Check Tendered: 60.0

Check

19-02649
BONDICK

85946

Robert Bondick
2755 E. Lone Oak Loop #C
Eugene, OR 97494

EUGENE POLICE DEPARTMENT
POLICE RECORDS
300 COUNTRY CLUB RD
EUGENE, OREGON 97401

911 Audio Reciept and Package.

Plaintiff
Bondick S. Robert, Pro Se
2755 E. Lone Oak Loop apt.,#C
Eugene Oregon, 97404

vs

Defendant
Eugene Police Department
300 Country Club Road
Eugene Oregon, 97401

## Occurrence And Complaint

On 2/18/2019 the incident of public record 19-2649 accrued.

Plaintiff requested incident report on 2/21/2019.

2/23/2019 the incident report was received stating a photo was taken.

Plaintiff requested photo from Eugene Sheriffs Station public request forms online 2/26/2019.

On 3/2/2019 police said they made a mistake in the processing and didn't relies the photo was requested and it would take an additional week to process.

The Plaintiff called police on 3/9/2019 said they don't deal with those files and to call back Monday when 'Chris' is in.

Saturday 3/9/2019 the plaintiff also received a mailed response from the police deportment with his public request for the photo attached, stating: No photos uploaded to server.

I called 'Chris' on 3/11/2019 (Monday) and he stated he don't have it.

I filled a complaint with the police auditors on 3/20/2019 and they closed the case on 3/27/2019 with their answer of, the Captain has talked to you about his findings.

### Tampering of Evidence

At least two police officers and a witness and possibly the E.P.D lost the evidence in eight days or less.

Between the three E.P.D. officers at the time of arrest, failed to do what ought to have been done by bringing the defendant approximately three doors down to the scene of the crime for proper identification with the witness and victim possibly still there.

### Perverting the Course of Justice

The Plaintiff ask the court to consider further claim of perverting the course of justice for current and near future court cases with possible interests. Including a future case with the business DEFY Extreme Air Sports in Eugene Oregon. They have banned the defendant since the police came to question theme of a suspect fitting the description of an alleged crime at the department store, St. Vincent De Paul.

The Plaintiff calls in to question the act of the three officers possibly conspiring on account of not bringing him around the corner to the department store and victim to properly identify the plaintiff as the assailant for proper course of justice. This prior obstruction to the spoliation creates speculation of premeditation and a motive.

The Plaintiff must attempt to prove his innocents to a court following the accusations of the department store and victim as-well. Again the spoliation has hindered his possible future defense outcome in these cases.

Due to the spoliation, his future complaints in these matters are hindered. while damage of pain and suffering from the Gross negligence of police procedure and claim ultimately affecting his current and future court proceeding's.

The defendant has pending accusations relating to a misconduct of a similar nature concluding this too is probable cause for perverting.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ROBERT S. BONDICK,

        Plaintiff,

vs.

CITY OF EUGENE POLICE
DEPARTMENT; OFFICER
N. BAILLAS; OFFICER GROSE;
LT. S. MCGANN

        Defendants.

Case No. 6:19-cv-00521-AA
**OPINION & ORDER**

AIKEN, District Judge:

        Plaintiff Robert S. Bondick seeks leave to proceed *in forma pauperis* ("IFP") in this action. For the reasons set forth below, the Complaint (doc. 1) is DISMISSED with leave to amend. Plaintiff's Motion for Appointment of Pro Bono Counsel (doc. 3) is DENIED. The Court shall defer ruling on plaintiff's IFP Petition (doc. 2) pending submission of an amended complaint.

Page 1 – OPINION & ORDER

## BACKGROUND

On February 18, 2019, Officer Grose, Officer Baillas, and Lt. McGann of the Eugene Police Department responded to a complaint of public indecency at a St. Vincent de Paul store in Eugene, Oregon. The officers obtained a photograph of the suspect that was taken by a store employee. Dispatch alerted the officers that the suspect had been seen going into a nearby trampoline business. McGann entered the trampoline business and asked the store employees if they had seen someone matching the suspect's description. McGann then saw plaintiff leaving a nearby Goodwill store and positively identified him as the suspect based on the employee's photograph. McGann detained plaintiff as he tried to enter another store. McGann called for backup and read plaintiff his Miranda rights. Together, Baillas, Grose, and McGann determined plaintiff had not committed an arrestable offense and released him. Since the incident, the owners of the trampoline business and St. Vincent de Paul have asked plaintiff to not return to their businesses.

Shortly after the incident, Plaintiff filed a public records request to obtain a copy of the incident report from the Eugene Police Department. Plaintiff received the report, which stated that a store employee had taken a photo of the suspect but did not include a copy of the actual photo. Plaintiff then submitted a public records request for the photo. After some delay, plaintiff was told that the photo was not uploaded to the police server and therefore could not be provided.

Plaintiff filed a grievance against the employees of the Eugene Police Department with the police auditors' office. The auditors' office closed the

investigation a week later, explaining that "the Captain" had already discussed his findings with plaintiff. Plaintiff then filed this *pro se* civil rights action.

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With respect to the second determination, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under FRCP 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

Page 3 – OPINION & ORDER

U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

Plaintiff brings this action under 42 U.S.C. § 1983 and Federal Rule of Civil Procedure 37(e), asserting two claims: (1) "Perverting the Course of Justice" and (2) "Tampering with Evidence." Compl. Ex. at 2. Plaintiff alleges that the officers were "gross[ly] negligen[t]" and conspired against him during their investigation because they did not ask the victim to identify plaintiff as the public indecency suspect. *Id.* Plaintiff also alleges that "at least two police officers," the Eugene Police Department, and the witness who took the photograph of the suspect tampered with evidence because the photograph of the suspect is now missing. *Id.*

Plaintiff's "Perverting the Course of Justice" claim is DISMISSED with leave to amend because plaintiff fails to allege what right of his was violated. Plaintiff's "Tampering with Evidence" claim is DISMISSED with prejudice because a plaintiff cannot sue for a violation of a rule of civil procedure.

### I. *Perverting the Course of Justice*

The Court understands plaintiff's "Perverting the Course of Justice" claim to assert a claim under 42 U.S.C. § 1983. In order to prevail on a § 1983 claim, a plaintiff must demonstrate that (1) their federal Constitutional or statutory rights were violated; and (2) the violation was caused by the conduct of a person acting under the color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff fails to assert what federal Constitutional or statutory right was violated. Therefore, plaintiff's claim is DISMISSED with leave to amend. Should plaintiff file an amended complaint, he should specify what right of his was violated.

In crafting an amended complaint, plaintiff should also keep in mind that his § 1983 claim against the individual police officers does not extend to the Eugene Police Department.

A municipality or local government is considered a person for the sake of a § 1983 claim. *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 690 (1978). However, a local government entity cannot be held liable under § 1983 for the acts of its employees unless the constitutional deprivation alleged was caused by a policy or custom of the governmental unit or if the plaintiff can demonstrate that the entity failed to

adequately train its employees. *Id.* Should plaintiff decide to file an amended complaint asserting a § 1983 claim against the Eugene Police Department, he should assert what policy or custom of the Department led to the deprivation of his rights.

## II. *Tampering with Evidence*

Plaintiff's tampering with evidence claim alleges that defendants violated FRCP 37(e) by failing to preserve and provide the plaintiff with the photo of the suspect taken by the store employee.

Rule 37(e) concerns the preservation of evidence by parties for litigation. However, it does not provide independent grounds for a claim. *See Unigard Sec. Ins. Co. v. Lakewood Engineering & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992). As no amendment to the claim could cure the deficiency of grounds for a private right of action, plaintiff's claim for violation of FRCP 37(e) is DISMISSED with prejudice.

## III. *Motion for Appointment of Pro Bono Counsel*

Plaintiff has filed a Motion for Appointment of Pro Bono Counsel (doc. 3). Generally, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to 28 U.S.C. § 1915(e), this Court has discretion to request volunteer counsel for indigent parties in exceptional circumstances. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). To determine whether exceptional circumstances exist, this Court evaluates the party's likelihood of success on the merits and his ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Wood*, 900 F.3d at 1335-36; *Wilborn*, 789 F.2d

at 1331. At this stage, the Court does not find that exceptional circumstances exist to warrant appointment of counsel. The facts and legal issues involved in this case are not of substantial complexity to necessitate appointment of counsel, and plaintiff has demonstrated an ability to articulate his claims. Accordingly, plaintiff's motion is DENIED.

## CONCLUSION

For the reasons set forth above, the plaintiff's § 1983 claim is DISMISSED with leave to amend. Plaintiff's FRCP 37(e) claim is DISMISSED with prejudice. Additionally, plaintiff's Motion for Appointment of Pro Bono Counsel is DENIED. Plaintiff shall have thirty (30) days in which to file an amended complaint. Plaintiff is advised that failure to file an amended complaint within the allotted time will result in the entry of a judgment of dismissal.

IT IS SO ORDERED.

Dated this 15 day of July 2019.

ANN AIKEN
United States District Judge

```
MIME-Version:1.0
From:info@ord.uscourts.gov
To:nobody
Bcc:
--Case Participants:
--Non Case Participants:
--No Notice Sent:

Message-Id:<6654513@ord.uscourts.gov>
Subject:Activity in Case 6:19-cv-00521-AA Bondick v. City of Eugene Police Department et al
Administrative Correction of the Record
```
Content-Type: text/html

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## U.S. District Court

## District of Oregon

### Notice of Electronic Filing

The following transaction was entered on 7/1/2019 at 11:20 AM PDT and filed on 7/1/2019

**Case Name:**     Bondick v. City of Eugene Police Department et al
**Case Number:**   6:19-cv-00521-AA
**Filer:**
**Document Number:** 9(No document attached)

**Docket Text:**
**Order for Administrative Correction of the Record pursuant to Fed. R. Civ. P. 60(a) regarding Opinion and Order [8]. A Clerical error has been discovered in the case record. The Clerk is directed to make the following administrative corrections to the record and, if necessary, regenerate the Notice of Electronic Filing to all parties: The original PDF attachment contained duplicate pages - page 6. (cw)**

**6:19-cv-00521-AA Notice has been electronically mailed to:**

**6:19-cv-00521-AA Notice will not be electronically mailed to:**

Robert S. Bondick
2755 E. Lone Oak Loop
Apt. #C
Eugene, OR 97404

## Scheduling Orders/Judgments/Other Orders

6:19-cv-00521-AA Bondick v. City of Eugene Police Department et al

PARTCONS, PROSEPTY

### U.S. District Court

### District of Oregon

## Notice of Electronic Filing

The following transaction was entered on 7/1/2019 at 10:59 AM PDT and filed on 7/1/2019
**Case Name:** Bondick v. City of Eugene Police Department et al
**Case Number:** 6:19-cv-00521-AA
**Filer:**
**Document Number:** 8

**Docket Text:**
**OPINION AND ORDER:** The plaintiff's § 1983 claim is DISMISSED with leave to amend. Plaintiff's FRCP 37(e) claim is DISMISSED with prejudice. Additionally, plaintiff's Motion for Appointment of Pro Bono Counsel [3] is DENIED. Plaintiff shall have thirty (30) days in which to file an amended complaint. Plaintiff is advised that failure to file an amended complaint within the allotted time will result in the entry of a judgment of dismissal. Signed on 7/1/2019 by Judge Ann L. Aiken. *(Mailed to Pro Se party on 7/1/2019.)* (ck)


**6:19-cv-00521-AA Notice has been electronically mailed to:**

**6:19-cv-00521-AA Notice will not be electronically mailed to:**

Robert S. Bondick
2755 E. Lone Oak Loop
Apt. #C
Eugene, OR 97404

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** Not Available
**Electronic document Stamp:**
[STAMP ordStamp_ID=875559790 [Date=7/1/2019] [FileNumber=6654441-0] [5
4431b15fa194f97bbb0f2a512c4b75ce5bd027a3c952eff96350d601aaaffe14be5648
782044462718fb3ad3bb9504dccd426060086e836414bb2e707536ca5]]

## Scheduling Orders/Judgments/Other Orders

6:19-cv-00521-AA Bondick v. City of Eugene Police Department et al

PARTCONS, PROSEPTY

### U.S. District Court

### District of Oregon

### Notice of Electronic Filing

The following transaction was entered on 8/13/2019 at 1:27 PM PDT and filed on 8/13/2019
**Case Name:** Bondick v. City of Eugene Police Department et al
**Case Number:** 6:19-cv-00521-AA
**Filer:**
**WARNING: CASE CLOSED on 08/13/2019**
**Document Number:** 11

**Docket Text:**
**JUDGMENT:** On July 1, 2019, this Court dismissed plaintiff's Complaint. Plaintiff was given thirty days in which to file an amended complaint correcting the deficiencies identified in the Court's Order and plaintiff was advised that failure to file an amended complaint would result in a judgment of dismissal. The time has now elapsed, and no amended complaint has been filed. Accordingly, this case is DISMISSED. In the absence of an operative complaint, plaintiff's IFP Petition [2] is DENIED. Signed on 8/13/2019 by Judge Ann L. Aiken. *(Mailed to Pro Se party on 8/13/2019.)* (ck)


**6:19-cv-00521-AA Notice has been electronically mailed to:**

**6:19-cv-00521-AA Notice will not be electronically mailed to:**

Robert S. Bondick
2755 E. Lone Oak Loop
Apt. #C
Eugene, OR 97404

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** Not Available
**Electronic document Stamp:**
[STAMP ordStamp_ID=875559790 [Date=8/13/2019] [FileNumber=6698278-0] [
6d235a964bab75a5c0f63aeb4e582b13e2d9660c1d7f2376fe4ed075c7eca4003bb4f0
3b4acb09fac9e2f0a5e2185e2a9e5c85b69bd1b257598f6f4ba9ceea63]]

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ROBERT S. BONDICK,

Plaintiff,

vs.

CITY OF EUGENE POLICE
DEPARTMENT; OFFICER
N. BAILLAS; OFFICER GROSE;
LT. S. MCGANN,

Defendants.

Case No. 6:19-cv-00521-AA
JUDGMENT

AIKEN, District Judge:

On July 1, 2019, this Court dismissed plaintiff's Complaint. Plaintiff was given thirty days in which to file an amended complaint correcting the deficiencies identified in the Court's Order and plaintiff was advised that failure to file an amended complaint would result in a judgment of dismissal. The time has now elapsed, and no amended complaint has been filed. Accordingly, this case is DISMISSED. In the absence of an operative complaint, plaintiff's IFP Petition (doc. 2) is DENIED.

IT IS SO ORDERED.

Dated this 13th day of August 2019.

ANN AIKEN
United States District Judge

Page 1 – JUDGMENT